United States District Court
Southern District of Texas
**ENTERED**
October 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENT VU PHAN, | § | |
|     *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-127 |
| AMERICAN FAMILY INSURANCE COMPANY, | § § § | |
|     *Defendant*. | § | |

## ORDER

Before the Court is Defendant American Family Insurance Company's Motion to Dismiss. (Doc. No. 11). Plaintiff Kent Vu Phan responded in opposition (Doc. No. 13) and Defendant replied (Doc. No. 16). The Court hereby grants the Motion to Dismiss.

In his Complaint, Plaintiff sets out various medical providers and a history of medical treatment that he received as a result of various injuries to his neck, back, and spine. The injuries and all of the treatment at issue here occurred in Colorado. Moreover, Plaintiff's actual complaint against American Family Insurance Company is unclear, as he only states:

> Bivens Action, 14th Amendment, 7th Amendment; Plaintiff has significantly evidences of injuries from accidence on 04/21/2012 on which proved for violation of American Family Insurance Company, State Judges, Federal Judges; although the statues were correctly applied to cases, but Judges intentionally denied the allegations for defendants although defendants who were the actor and conducted injured to plaintiff.
>
> \* \* \*
>
> Plaintiff's right shoulder muscle tear: since 2012 to present without treatment; probably under control by State Farm Insurance and American Family Insurance; doctor Khoi Duy Pham and doctor John Splittler at Colorado University Hospital by any way must concealed the injured at right shoulder.

(Doc. No. 1 at 5–6).

Importantly, Plaintiff has sought judicial relief before as he also sets out a list of courts in Colorado in which he sought relief for the same injuries against the same parties and apparently lost. *See* (Doc. No. 1 at 5–6).

Defendant has moved for dismissal on multiple grounds, including lack of personal jurisdiction and improper venue. The Court grants the latter. While neither side has set out the history of this matter and resulting lawsuits in a detailed, cogent manner, it is clear that all events occurred in Colorado. It is also uncontested that the Defendant is not a citizen of Texas, and indeed does not do business in Texas. Defendant contends and supplies support that it is a corporation based in Madison, Wisconsin. Further, Plaintiff alleges in his Complaint that Defendant is located in Madison, Wisconsin. He does not contend that it does business in Texas.

The venue laws that control this case are clear. A civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Defendant resides in Wisconsin. Defendant does not reside or do business in the Southern District of Texas, or anywhere in Texas for that matter. None of the events or alleged omissions occurred in the Southern District of Texas. The events all occurred in Colorado where the Defendant apparently does do business and there are state and federal courts there where this matter can be and, in fact, has been brought. Venue in the Southern District of Texas is clearly inappropriate.

This case is dismissed for improper venue.

SIGNED this 26th day of October 2023.

Andrew S. Hanen
United States District Judge